UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARLENE WICKLINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00558-MPB-KMB |
| ) | |
| D. H. PACE COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION TO STRIKE EXPERT DISCLOSURES

This matter comes before the Court on Defendant D.H. Pace Company, Inc.'s ("Pace") Motion to Strike Plaintiff's Expert Disclosures. [Dkt. 53.] Pace moves to strike Plaintiff Sharlene Wickline's expert disclosures, alleging that they are noncompliant with Federal Rule of Civil Procedure 26(a)(2)(C). Ms. Wickline opposes Pace's motion. [Dkt. 56.] For the reasons set forth below, the Court grants in part and denies in part Pace's request.

### I. BACKGROUND

Ms. Wickline alleges that while working at a Target store in February 2020, the roll doors serviced and maintained by Pace came out of or off the track and fell on her, causing serious bodily injury. [Dkt 1-2.] This action was filed in state court and subsequently removed to federal court in March 2022. [Dkt. 1.]

After the Initial Pretrial Conference, the Court entered a Case Management Plan in this case that states, in relevant part, "Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before March 22, 2023." [Dkt. 13 at 2.]

On March 22, 2023, Ms. Wickline served Pace with her expert disclosures. [Dkts. 58-1; 58-2.] Ms. Wickline's disclosure specifically named three experts and included the curriculum vitae for one of them. [Dkt. 58-2.] On April 20, 2023, counsel for Pace emailed counsel for Ms. Wickline, stating:

> I can't tell from the disclosures whether Dr. Vogel, Dr. Osborne, and Dr. Ralston are retained experts, to whom the disclosure requirements of Fed. R. Civ. P. 26(a)(2) apply (including a report stating their opinions, among other requirements) or whether they are solely treaters (i.e. not retained). The way the disclosure is worded, you've separately identified these three people and provided the CV for one of them (which you don't have to do for non-retained treaters) but then you've also listed their practices among the list of treaters. I just can't tell from Plaintiff's disclosures whether these people are retained experts or non-retained treaters.

[Dkt. 58-4.] Pace's counsel emailed Ms. Wickline's counsel again on April 27, 2023, [dkt. 58-4], but did not receive a response.

On June 1, 2023, Pace filed a Motion to Strike Plaintiff's Expert Disclosures, arguing that the expert disclosures fail to comply with Rule 26(a)(2). [Dkt. 53.] Ms. Wickline opposes Pace's motion. [Dkt. 56.]

## II.     APPLICABLE STANDARD

Under Federal Rule of Civil Procedure 26(a), a party has a duty to disclose expert witnesses that it may call to present evidence at trial. Fed. R. Civ. P. 26(a)(2)(A). "[O]nly those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)." *Musser v. Gentiva Health Services*, 356 F.3d 751, 756-57 (7th Cir. 2004) (quoting Fed. R. Civ. P. 26(a)(2)(B)). The commentary to Rule 26 distinguishes "between retained experts and witnesses providing expert testimony because of their involvement in the facts of the case: a 'treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.'" *Id.* at 757 (quoting Fed. R. Civ. P. 26, cmt. 1993 Amendments, subdivision (a), para (2)). If a witness is not required to submit a written

2

report, the "disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

If a party fails to properly disclose "a witness as required by Rule 26(a) … the party is not allowed to use that … witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed R. Civ. P. 37(c)(1).  Courts have discretion in deciding whether a party's failure to comply with Rule 26(a) was substantially justified or harmless.  *See David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003) (citing *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).  In deciding whether a Rule 26(a) violation is justified or harmless, the Court should consider the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date."  *Id.*  Under Rule 37(c)(1), the Court may choose a remedy other than total exclusion of the witnesses.  *Dura Auto Sys. of Ind., Inc., v. CTS Corp.*, 285 F.3d 609, 615-16 (7th Cir. 2002).

### III.  DISCUSSION

Pace claims that Ms. Wickline's expert disclosures do not comply with Fed. R. Civ. P. 26(a)(2) and asks the Court to strike them.  [Dkt. 54.]  Pace argues that Ms. Wickline's expert disclosures are not compliant with Federal Rule of Civil Procedure 26(a)(2) because they do not include a summary of the facts and opinions to which each expert is expected to testify.  [*Id.* at 1.] Pace claims that Ms. Wickline's deficient disclosures have hindered Pace's ability to prepare for trial because Pace is unable to determine whether to depose these witnesses, pursue disqualification, or retain rebuttal experts.  [*Id.* at 4.]

3

In response, Ms. Wickline asserts that she adequately disclosed her treating physicians in compliance with the Case Management Plan, Federal Rule of Civil Procedure 26(a)(2), and Federal Rule of Evidence 602. [Dkt. 56 at 2.] Ms. Wickline emphasizes that the witnesses in question are treating physicians, not retained experts, and therefore contends that a written report is not required. [*Id*. at 4.] She further argues that the language of the Case Management Plan suggests that the disclosure requirements of Rule 26(a)(2) only attach to the written report, such that pursuant to Rule 26(a)(2)(D), the subject matter and summary of the evidence expected to be presented are not due until at least 90 days before trial. [*Id*.] Even if the Court struck the disclosures, Ms. Wickline points out that she could still call the physicians at trial since they have personal knowledge of her treatment. [*Id*.]

In reply, Pace contends that the expert disclosures are deficient not because they lack a written report but because they omit summaries of the facts and opinions to which the physicians are expected to testify. [Dkt. 65 at 1.] Pace relies on a prior decision from this District that it contends supports its position.[1] [*Id*. at 2 (citing dkt. 65-1 (a copy of *Adams et al v. Robinson et al*, No. 1:17-cv-1450-SEB-DLP (S.D. Ind. Mar. 19, 2018))).]

The Court agrees with Pace that Ms. Wickline's expert disclosures do not fully comply with Federal Rule of Civil Procedure 26(a)(2). Ms. Wickline admits that Drs. Vogel, Osborne, and Ralston are treating physicians who formed their opinions during the course of treatment. [Dkt.

---

[1] Although *Adams* has not been published on Westlaw or Lexis, it is publicly available via the Court's docket and Pace filed a copy of the decision with its reply brief. [*See* dkt. 65-1.] While the Court need not consider unpublished opinions, it has reviewed the case cited by Pace and ultimately finds it to be distinguishable, though persuasive in several respects. *See Zahn v. North American Power & Gas, LLC*, 815 F.3d 1082, 1093 (7th Cir. 2016) (noting that parties are prohibited from citing unpublished decisions as "precedential" but are not prohibited from "using the reasoning and logic" of an unpublished opinion) (internal quotation marks and citation omitted).

4

56 at 3-4 (arguing that "[Ms.] Wickline adequately disclosed her treating physicians" and asserting that "[s]ince Dr. Vogel, Dr. Osborne, and Dr. Ralston are not retained or specifically employed to provide expert testimony, a … written report is not required").] Thus, Ms. Wickline's disclosures are bound by the requirements of Rule 26(a)(2)(C), such that Ms. Wickline should have provided Pace with the subject matter on which the treating physicians are expected to present evidence and a summary of the facts and opinions to which they are expected to testify.[2] *See* Fed. R. Civ. P. 26(a)(2)(C) (explaining that "*if the witness is not required to provide a written report*," the disclosures must provide the subject matter of the anticipated testimony and a summary of the witnesses' facts and opinions) (emphasis added).

But what is the appropriate remedy for Ms. Wickline's failure to fully comply with the applicable rule when disclosing these treating physician experts? Pace asks the Court to prevent the treating physicians from testifying at trial. [Dkt. 54 at 6.] It contends that it has suffered extreme prejudice because it has hindered Pace's ability to prepare for trial because Pace is unable to determine whether to depose these witnesses, pursue disqualification, or retain rebuttal experts. [*Id*. at 4.] Because this case is not yet set for trial and Ms. Wickline did timely disclose the names and certain other information about these treating physician experts, the Court denies Pace's request to strike Ms. Wickline's expert disclosures altogether. *Caterpillar*, 324 F.3d at 857 (concluding that courts have broad discretion in determining whether a party's failure to comply with Rule 26(a) is harmless)*; see also* dkt. 65-1 at 9 (*Adams* declining to strike expert disclosures because the plaintiffs' failure to comply with Rule 26(a)(2), although not justified, could be

---

[2] Ms. Wickline has also failed to comply with the express language of the Case Management Plan, which required her to "disclose the name, address, *and vita* of any expert witness." [Dkt. 13 at 2 (emphasis added).] Ms. Wickline disclosed three witnesses, but she only included a curriculum vitae for Dr. Vogel. [Dkt. 58 at 1.] The CMP also does not alter the express language of Rule 26 or relieve Ms. Wickline of her disclosure obligations under Rule 26(a)(2)(C).

rectified). Moreover, the Court notes that it took Pace thirty days to raise an issue with Ms. Wickline's expert disclosures to Plaintiff's counsel, and Pace did not file a motion with the Court on this issue until two months after the disclosure deadline. Pace's lack of urgency undercuts its argument that it has suffered undue prejudice here, especially with no trial date set.

If the Court does not strike Ms. Wickline's expert disclosures, Pace seeks five types of alternative relief: 1) that the Court order Ms. Wickline to pay the costs associated with the depositions of these witnesses; 2) that Ms. Wickline be ordered to amend her expert disclosures within 14 days of the Court's order to comply with Rule 26(a)(2); 3) that the Court extend the June 22, 2023 expert witness discovery deadline, allowing Pace time to serve written discovery; 4) that the Court allow Pace to serve written discovery on Ms. Wickline regarding her disclosed experts' opinions and the bases thereof; and 5) that the Court award Pace any other relief it deems appropriate under the circumstances. [Dkt. 54 at 10-11.]

The Court adopts three of Pace's requests for alternative relief. First, the Court orders that **within 14 days** of this Order, Ms. Wickline must amend her expert disclosures to comply with Fed. R. Civ. P. 26(a)(2)(C) as set forth herein, and she must provide notice to the Court that she has complied with that deadline. Second, after receiving the disclosures, Pace must serve any desired written discovery **within 14 days**, and Ms. Wickline must timely respond to that written discovery. Third, the Court extends the expert witness discovery deadline in this case to **January 5, 2023**, such that Pace can take depositions of these witnesses ahead of that deadline should it choose to do so. While the Court grants Pace some of the relief it seeks, it does not find that an award of expenses to Pace in making its motion would be just under these circumstances, given that Ms. Wickline did timely disclose these treating physician experts and certain information about them. Fed. R. Civ. Pro. 37(a)(5)(iii).

## IV.     CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** Pace's Motion to Strike Plaintiff's Expert Disclosures.  [Dkt. 53.]  While the Court denies Pace's request that Ms. Wickline's expert disclosures be stricken, it rules that **within 14 days** of this Order, Ms. Wickline must amend her expert disclosures to comply with Fed. R. Civ. P. 26(a)(2)(C) as set forth herein, and she must provide notice to the Court that she has complied with that deadline.  After receiving the disclosures, Pace must serve any desired written discovery **within 14 days**, and Ms. Wickline must timely respond to that written discovery.  The Court extends the expert witness discovery deadline in this case to **January 5, 2023**, such that Pace can take depositions of these witnesses ahead of that deadline should it choose to do so.

Date: 8/24/2023

_Kellie M. Barr_
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email